**In the United States Bankruptcy Court
for the Southern District of Texas
Houston Division**

| | | |
|---|---|---|
| In re | § | |
| | § | Case No. 22-33393 |
| InfoVine, Inc. | § | |
| | § | Chapter 11 Subpart V |
| Debtor | § | |

**Debtor's Second Amended Plan of Reorganization for Small Business Under
Subpart V Chapter 11**

InfoVine, Inc. ("InfoVine" or the "Debtor") proposes this Second Amended Plan of

Reorganization (the "Plan") pursuant to 11 U.S.C. §§ 1190.

**CREDITORS WITH ADVERSE TREATMENTS AND NO CLAIMS FILED.**

**Academy Bank, NA, Bank of the West, Connext Financial, TCF, Huntington**

**National Bank and Wells Fargo Equipment Finance were originally listed as secured**

**creditors in Schedule D filed by the Debtor at docket #43 due to filed financing statements**

**or other information available to the Debtor at such time. Each of the creditors have been**

**on the mailing list since the case was filed. None of the creditors filed claims. The Debtor**

**cannot identify the loans or liens of any of the creditors.  The creditors liens are to be**

**removed and in this plan are treated in Class 23 as unsecured creditors.  Each of the**

**creditors should review the plan for the treatment of such creditor.**

## I.   Background

### A.  Description and History of the Debtor's Business

InfoVine is a targeted direct marketing company that provides organizations with a full



range of print and digital media to inform, educate and inspire both existing and prospective customers. InfoVine has been in existence since <u>February 1999</u>. Unfortunately, due to the pandemic, InfoVine suffered a significant setback in business.

The data capabilities of InfoVine allow a customer to deliver precisely targeted offers based on buying patterns and preferences to help reduce costs and using smaller batches and lower postage rates. InfoVine has in-depth knowledge of USPS regulations, procedures, formats and discounts to provide lower postage costs. InfoVine also has specialty printing and packaging to create novelty printing items, displays, retain kitting and other items. InfoVine offers data optimization to the mailing lists can reduce inaccurate information, pinpoint new prospects from data.

InfoVine values its assets at approximately $1,236,915.36, in the aggregate. The liquidation value is significantly less. Except for the cash, the assets are subject to the liens and encumbrances of various lenders.

InfoVine has debts of approximately $3.9 million.

## B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit A.

### C.  Ability to Make Future Plan Payments and Operate Without Further Reorganization

In order to confirm a plan, the Debtor must show that it will have enough cash over the life of the plan to make the required plan payments and operate the Debtor's business.  The projections demonstrate that the Debtor will have sufficient funds to operate its business going forward.

The Debtor has provided projected financial information as Exhibit B.  The projections are based upon prior operating history and new business.

The projections include payments for "Payroll Salaries and Labor" and another line item for "Management Payroll."  During the process of restructuring jobs and positions, the persons in categories changed.  The "Management Payroll" includes more personnel than the current officers. So that all parties may have a better understanding of the total payroll, an exhibit is attached that shows all employees, positions and payroll.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## II.    Summary of Plan

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay Debtor's creditors from the cash flow generated in the ordinary course of the Debtor's business after confirmation.

This Plan provides for:    Twenty-one (21) classes of secured claims;

One class of unsecured claims; and

One class of equity security holders.

Creditors holding allowed claims will receive distributions as set forth in this Plan.

This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to this Plan for information regarding the precise treatment of their claims.

The Debtor may prosecute claims against persons or entities that may owe money to the Debtor.  Any recoveries will remain with and be an asset of the reorganized Debtor.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## III.    Classification of Claims and Interests

| Class 1. | Class 1 consists of the allowed claim for ad valorem taxes owed to Harris County, et al.  The claim was filed in the amount of $10,188.34.  [Claim 1] |
|---|---|
| Class 2. | Class 2 consists of the allowed claim of U.S. Bank Equipment.  The claim was filed in the amount of $124,566.  [Claim 6] |
| Class 3. | Class 3 consists of the allowed claim of Financial Pacific Leasing.  The claim is secured by Kyocera 3553CI copiers.  The claim was filed in the amount of $79,805.85.  [Claim 7] |
| Class 4 | Class 4 consists of the allowed claim of Mitsubishi HC Capital America. The claim is secured by a Kyocera 3553CI copier.  The claim was filed in the amount of |



| | |
|---|---|
| | $83,204.55.  [Claim 8] |
| <u>Class 5</u> | Class 5 consists of the allowed claim of Pawnee Leasing Corporation. The claim is secured by coater equipment and a compact KWI.  The claim was filed in the amount of $204,334.49.  [Claim 9] |
| <u>Class 6</u> | Class 6 consists of the allowed claim of First Citizens Bank.  The claim is secured by a Kyocera printer 352 and 3253. The claim was filed in the amount of $83,545.71. [Claim 13] |
| <u>Class 7</u> | Class 7 consists of the allowed claim of First Citizens Bank.  The claim is secured by Kyocera printers 3252 and 3253.  The claim was filed in the amount of $78,182.31. [Claim 14] |
| <u>Class 8</u> | Class 8 consists of the allowed claim of First Citizens Bank.  The claim is secured by a DPI Blackhawk M6 8.5" UV.  The claim was filed in the amount of $178,100.64. [Claim 15] |
| <u>Class 9</u> | Class 9 consists of the allowed claim of LCA Bank Corp.  The claim is secured by copier equipment.  The claim was filed in the amount of $89,698.45.  [Claim 18] |
| <u>Class 10</u> | Class 10 consists of the allowed claim of Arvest Equipment Finance.  The claim is secured by Kyocera copiers.  The claim was filed in the amount of $79,212.96. [Claim 19] |
| <u>Class 11</u> | Class 11 consists of the allowed claim of Arvest Equipment Finance.  The claim is secured by Kyocera copiers.  The claim was filed in the amount of $176,389.35. [Claim 20 |
| <u>Class 12</u> | Class 12 consists of the allowed claim of Ascentium Capital LLC.  The claim is secured by Kyocera copiers.  The claim was filed in the amount of $132,351.48. [Claim 21] |
| <u>Class 13</u> | Class 13 consists of the allowed claim of Arvest Equipment Finance. The claim is secured by Kyocera copiers.  The claim was filed in the amount of $175,272.45. |

| | |
|---|---|
| | [Claim 22] |
| Class 14 | Class 14 consists of the allowed claim of Hanmi Bank. The claim is secured by two (2) Kyocera 4052 ci machines.  The claim was filed in the amount of $177,068. [Claim 24] |
| Class 15A | Class 15A consists of the allowed claim of Commercial Capital Company. The claim is secured by a Ricoh Digital Press Pro C9110, lease number 0221622.  The claim was filed in the amount of $193,808.75.  [Claim 25] |
| Class 15B | Class 15B consists of the allowed claim of Commercial Capital Company. The claim is secured by two (2) Kyocera 7052 ci printers and printing systems, lease number 0220782. [Claim 25] |
| Class 16 | Class 16 consists of the allowed claim of White Road Capital (listed in the schedules originally as GFE). The claim is secured by the receivables and other assets of the Debtor. The claim was filed in the amount of $261,810.56.  [Claim 27] |
| Class 17 | Class 17 consists of the allowed claim of the SBA for an EIDL loan. The loan amount was $500,000.  No claim has been filed. |
| Class 18 | Class 18 consists of the allowed claim of Hewlett-Packard Financial Services.  The claim is a lease of equipment described in the lease documents and the filed UCC-1.  The claim was filed in the amount of $1,368,630.87. [Claim 16] |
| Class 19 | Class 19 consists of the allowed claim of Indigo America. The claim is secured by an Indigo 12000 Digital Ink and T1500 G4 power system.  The claim was filed in the amount of $719,592.94.  [Claim 17] |
| Class 20 | Class 20 consists of the allowed claims of CAB as Assignee of Quadient Leasing. The claim is secured by the collateral listed in the claims.  The class includes claims filed claims at numbers 12, 28 and 29. |
| Class 21 | Class 21 consists of the claim of Fundamental Capital. No claim was filed. |

| Class 22 | Class 22 consists of the allowed claim of the Internal Revenue Service. The claim was filed in the amount of $821,300.27.  [Claim 23] |
|---|---|
| Class 23 | Class 23 consists of all other non-priority unsecured claims allowed under § 502 of the Code.  The Debtor believes the aggregate amount of Class 17 claims is approximately $2.6 million.  This class includes the following creditors:<br><br>Academy Bank, NA ("Academy").  Academy was listed in Schedule D at docket 43.  Academy did not file a claim and cannot be identified by the Debtor.<br><br>Bank of the West ("Bank of the West").  Bank of the West was listed in Schedule D at docket 43. Bank of the West did not file a claim and cannot be identified by the Debtor.<br><br>Connext Financial ("Connext Financial"). Connext Financial was listed in Schedule D at docket 43. Connext Financial did not file a claim and cannot be identified by the Debtor.<br><br>TCF ("TCF").  TCF was listed in Schedule D at docket 43. TCF did not file a claim and cannot be identified by the Debtor.<br><br>Huntington National Bank ("Huntington National Bank").  Huntington National Bank was listed in Schedule D at docket 43.  Huntington National Bank did not file a claim and cannot be identified by the Debtor.<br><br>Wells Fargo Equipment Finance ("Wells Fargo Equipment Finance").  Wells Fargo Equipment Finance was listed in Schedule D at docket 43.  Wells Fargo Equipment Finance did not file a claim and cannot be identified by the Debtor. |
| Class 24 | Class 24 consists of the equity security holders of the Debtor. |



**IV.     Treatment of Administrative Expense Claims, Priority Tax Claims, and Court Fees**

Under § 1123(a)(1), administrative expense claims and priority tax claims (except for Class 1 claims for personal property taxes) are not in classes.

**A.  Administrative Expense Claims**

Each holder of an administrative expense claim allowed under § 503 of the Code including the approved fees and expenses of the Subpart V Trustee, will bepaid in full in cash on the later of the Effective Date (as hereinafter defined), on the date such claim becomes an allowed claim, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.  Administrative expense claims must be filed within thirty (30) days of the confirmation date of this plan.

InfoVine will pay post-confirmation fees and expenses incurred by Baker & Associates in the ordinary course of business without the need for Court approval of such fees and expenses.

<u>Payment to the Subchapter V Trustee</u> –  Brendon D. Singh has been duly appointed as Subchapter V Trustee in this case ("Subchapter V Trustee"). Debtor shall pay allowed Subchapter V Trustee fees and expenses as set forth in the projections and budget.  If the Subchapter V Trustee does not timely receive tender of the payments set forth above, the Subchapter V Trustee shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to the Debtor and Counsel for the Debtor, and allow Debtor a 30-day period from the date of such written notice to cure such delinquent payments.  In the event Debtor fails to cure such delinquent payments within such 30-day period, the Subchapter V Trustee shall be allowed to file a motion to dismiss or convert the case to a chapter 7 case, or to



take any and all steps necessary to exercise any and all rights available remedies under applicable law, if the Subpart V Trustee elects to do so.  The Subpart V Trustee shall not be required to take any collection actions against the Debtor for failure to make payments.  Upon entry of a final order of discharge for the Debtor, this notice requirement shall terminate and the parties shall thereafter be governed by the notice provisions set forth under the laws of the State of Texas.

The Subpart V Trustee fees will be paid on the later of the Effective Date or on the date such claim is approved by the bankruptcy court.

### B. Priority Tax Claims

The Internal Revenue Service has filed a priority claim of $821,300.27.  The Debtor has completed and filed returns for all time periods except for the 2022 return.

Based on the filed returns, the Debtor owes the IRS approximately $325,000 plus any penalties and interest. The time periods for 2020 were paid by Justworks, or should have been paid by Justworks.

### C. Statutory Fees

All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date have been paid or will be paid on the Effective Date.

### V.   Treatment of Claims and Interests Under the Plan

Claims and interests will be treated as follows under this Plan:

| Class | Impairment | Treatment |
| --- | --- | --- |



| Class 1 – Harris County | Impaired | InfoVine has paid the taxes in full. 2027. |
|---|---|---|
| Class 2 – U.S. Bank Equipment formerly ENGS | Impaired | InfoVine will pay the value of the collateral in Class 2 in full by no later than November 1, 2027. The claim will be paid in approximately equal monthly installments at 7% per annum interest. The Debtor has valued the collateral at $68,500.  The payment of the collateral value shall be deemed full payment of the claim. Any remaining amounts shall be treated as an unsecured claim in Class 23. |
| Class 3- Financial Pacific Leasing | Impaired | InfoVine will surrender the collateral within thirty (30) days after the Effective Date.  The creditor shall be responsible for the removal of the collateral.  If the collateral is not removed within sixty (60) days of the Effective Date, the Debtor may dispose of the collateral with no liability for the disposition to the creditor.  The creditor must file a deficiency claim within forty-five (45) days after confirmation.  Any allowed deficiency claim shall be treated as an unsecured claim in Class 23. |
| Class 4 – Mitsubishi HC Capital America also listed as Hitachi Capital America | Impaired | InfoVine will surrender the collateral within thirty (30) days after the Effective Date.  The creditor shall be responsible for the removal of the collateral.  If the collateral is not removed within sixty (60) days of the Effective Date, the Debtor may dispose of the collateral with no liability for the disposition to the creditor.  The creditor must file a deficiency claim within forty-five (45) days after confirmation.  Any allowed deficiency claim shall be treated as an unsecured claim in Class 23. |
| Class 5 – Pawnee Leasing Corporation | Impaired | InfoVine will pay the value of the collateral in Class 5 in full by no later than November 1, 2027. The claim will be paid in approximately equal monthly installments at 7% per annum interest. The Debtor has valued the collateral at $30,000.  The payment of the collateral value shall be deemed full payment of the claim.  Any remaining amounts shall be treated as an |



| | | unsecured claim in Class 23. |
|---|---|---|
| Class 6 – First Citizens Bank | Impaired | InfoVine will surrender the collateral within thirty (30) days after the Effective Date. The creditor shall be responsible for the removal of the collateral. If the collateral is not removed within sixty (60) days of the Effective Date, the Debtor may dispose of the collateral with no liability for the disposition to the creditor. The creditor must file a deficiency claim within forty-five (45) days after confirmation. Any allowed deficiency claim shall be treated as an unsecured claim in Class 23. |
| Class 7 – First Citizens Bank | Impaired | InfoVine will surrender the collateral within thirty (30) days after the Effective Date. The creditor shall be responsible for the removal of the collateral. If the collateral is not removed within sixty (60) days of the Effective Date, the Debtor may dispose of the collateral with no liability for the disposition to the creditor. The creditor must file a deficiency claim within forty-five (45) days after confirmation. Any allowed deficiency claim shall be treated as an unsecured claim in Class 23. |
| Class 8-First Citizens Bank listed as Summit Funding | Impaired | InfoVine will pay the value of the collateral in Class 8 in full by no later than November 1, 2027. The claim will be paid in approximately equal monthly installments at 7% per annum interest. The Debtor has valued the collateral at $50,000. The payment of the collateral value shall be deemed full payment of the claim. Any remaining amounts shall be treated as an unsecured claim in Class 23. |
| Class 9 – LCA Bank Corporation | Impaired | InfoVine will surrender the collateral within thirty (30) days after the Effective Date. The creditor shall be responsible for the removal of the collateral. If the collateral is not removed within sixty (60) days of the Effective Date, the Debtor may dispose of the collateral with no liability for the disposition to the creditor. The creditor must file a deficiency claim within forty-five (45) days after confirmation. Any allowed deficiency claim shall be treated as an unsecured claim in Class 23. |



| Class 10- Arvest Equipment Finance | Impaired | InfoVine will surrender the collateral within thirty (30) days after the Effective Date. The creditor shall be responsible for the removal of the collateral. If the collateral is not removed within sixty (60) days of the Effective Date, the Debtor may dispose of the collateral with no liability for the disposition to the creditor. The creditor must file a deficiency claim within forty-five (45) days after confirmation. Any allowed deficiency claim shall be treated as an unsecured claim in Class 23. |
| --- | --- | --- |
| Class 11- Arvest Equipment Finance | Impaired | InfoVine will surrender the collateral within thirty (30) days after the Effective Date. The creditor shall be responsible for the removal of the collateral. If the collateral is not removed within sixty (60) days of the Effective Date, the Debtor may dispose of the collateral with no liability for the disposition to the creditor. The creditor must file a deficiency claim within forty-five (45) days after confirmation. Any allowed deficiency claim shall be treated as an unsecured claim in Class 23. |
| Class 12-Asecentium Capital LLC | Impaired | InfoVine will surrender the collateral within thirty (30) days after the Effective Date. The creditor shall be responsible for the removal of the collateral. If the collateral is not removed within sixty (60) days of the Effective Date, the Debtor may dispose of the collateral with no liability for the disposition to the creditor. The creditor must file a deficiency claim within forty-five (45) days after confirmation. Any allowed deficiency claim shall be treated as an unsecured claim in Class 23. |
| Class 13-Arvest Equipment Finance | Impaired | InfoVine will surrender the collateral within thirty (30) days after the Effective Date. The creditor shall be responsible for the removal of the collateral. If the collateral is not removed within sixty (60) days of the Effective Date, the Debtor may dispose of the collateral with no liability for the disposition to the creditor. The creditor must file a deficiency claim within forty-five (45) days after confirmation. Any allowed deficiency claim shall be treated as an unsecured claim. |



| Class 14- Hanmi Bank | Impaired | InfoVine will surrender the collateral within thirty (30) days after the Effective Date.  The creditor shall be responsible for the removal of the collateral.  If the collateral is not removed within sixty (60) days of the Effective Date, the Debtor may dispose of the collateral with no liability for the disposition to the creditor.  The creditor must file a rejection or deficiency claim within forty-five (45) days after confirmation.  Any allowed rejection or deficiency claim shall be treated as an unsecured claim in Class 23. |
|---|---|---|
| Class 15A- Commerical Capital Company- Lease 0221622, Ricoh Pro Digital Press | Impaired | InfoVine will pay the value of the collateral in Class 15 in full by no later than November 1, 2027. The claim will be paid in approximately equal monthly installments at 7% per annum interest. The Debtor has valued the collateral at $19,500.  The payment of the collateral value shall be deemed full payment of the claim.  Any remaining amounts shall be treated as an unsecured claim in Class 23.<br><br>Commercial Capital Company. The claim is secured by a Ricoh Digital Press Pro C9110, lease number 0221622. |
| Class 15B- Commercial Capital Company – Lease 0220782- Two Kyocera printing systems | Impaired | InfoVine will surrender the collateral within thirty (30) days after the Effective Date.  The creditor shall be responsible for the removal of the collateral.  If the collateral is not removed within sixty (60) days of the Effective Date, the Debtor may dispose of the collateral with no liability for the disposition to the creditor.  The creditor must file a deficiency claim within forty-five (45) days after confirmation.  Any allowed deficiency claim shall be treated as an unsecured claim in Class 23. |
| Class 16 –White Road Capital | Impaired | InfoVine will pay the value of the collateral in Class 8 in full by no later than November 1, 2027. The claim will be paid in approximately equal monthly installments at 7% per annum interest. The Debtor has valued the collateral at $131,744.  The payment of the collateral value shall be deemed full payment of the claim.  Any remaining amounts shall be treated as an |

| | | |
|---|---|---|
| | | unsecured claim in Class 23. |
| Class 17- SBA EIDL | Impaired | InfoVine will resume the normal monthly payments on the loan after the Effective Date and will continue to pay the loan in the ordinary course of business for the term of the loan. Any arrearages on the loan as of the Effective Date will be paid to the creditor over the term of the plan such that any arrearages will be paid in full no later than November 1, 2027. The arrearages will be paid with no interest. |
| Class 18- Hewlett-Packard Financial Services | Impaired | InfoVine will surrender the collateral within thirty (30) days after the Effective Date.  The creditor shall be responsible for the removal of the collateral.  If the collateral is not removed within sixty (60) days of the Effective Date, the Debtor may dispose of the collateral with no liability for the disposition to the creditor.  The creditor must file a rejection or deficiency claim within forty-five (45) days after confirmation.  Any allowed rejection or deficiency claim shall be treated as an unsecured claim in Class 23. |
| Class 19- Indigo America | Impaired | InfoVine will surrender the collateral within thirty (30) days after the Effective Date.  The creditor shall be responsible for the removal of the collateral.  If the collateral is not removed within sixty (60) days of the Effective Date, the Debtor may dispose of the collateral with no liability for the disposition to the creditor.  The creditor must file a deficiency claim within forty-five (45) days after confirmation.  Any allowed deficiency claim shall be treated as an unsecured claim in Class 23. |
| Class 20-CAB as assignee of Quadient Leasing | Impaired | InfoVine will surrender the collateral within thirty (30) days after the Effective Date.  The creditor shall be responsible for the removal of the collateral.  If the collateral is not removed within sixty (60) days of the Effective Date, the Debtor may dispose of the collateral with no liability for the disposition to the creditor.  The creditor must file a deficiency claim within forty-five (45) days after confirmation.  Any allowed deficiency |



| | | claim shall be treated as an unsecured claim in Class 23. |
|---|---|---|
| Class 21- Fundamental Capital | Impaired | InfoVine will pay the projected disposable income for sixty (60) months following the Effective Date to creditors in this class with allowed claims. InfoVine may pay such amounts calendar quarterly starting with the first full calendar quarter after the Effective Date. No claim was filed.  Creditor was scheduled as unsecured.  Claim will be paid in Class 23.  Upon payment of the amounts scheduled to be paid, the Debtor shall be authorized to file a notice that any financing statement filed by this creditor is terminated. |
| Class 22 – Internal Revenue Service | Impaired | InfoVine will pay the allowed claim in Class 21 in full by no later than November 1, 2027. The claim includes significant amounts for 2020.  InfoVine used a professional employer organization (PEO) in 2020, Justworks Employment Group, LLC ("Justworks").  The amounts in the proof of claim for 2020 are over $480,000.  All amounts owed for FICA for 2020 are a liability of Justworks.  The remaining amounts from the proof of claim of approximately $325,000 or less will be paid in approximately equal monthly installments at 12% interest per annum in full by no later than November 1, 2027. |
| Class 23- Unsecured Creditors | Impaired | InfoVine will pay the projected disposable income for sixty (60) months following the Effective Date to creditors in this class with allowed claims. InfoVine may pay such amounts calendar quarterly starting with the first full calendar quarter after the Effective Date.  Payments will be made on the last day of the calendar quarter after the Effective Date (March 31, June 30, September 30, and December 31).  If the plan is confirmed in April of 2023, the first payment will be on June 30, 2023.  The calendar quarterly payments will not include the month of the payment.  The first payment on June 30, 2023, will be for the period from the Effective Date (partial month will be prorated) until May 31, 2023. The next payment on September 30, 2023, will be for the period of June 1, 2023, to August |

| | | |
|---|---|---|
| | | 31, 2023, and thereafter on the same schedule.<br><br>The monthly accrual amounts are set forth on the Projections attached hereto and must be paid at the end of each calendar quarter.<br><br>In month sixty (60), InfoVine will make a final distribution to the class 23 creditors of $45,000 or whatever amount remains in the reserve fund at such time.<br><br>For any creditors that are included in this class, including creditors listed in Schedule D by the Debtor but with no claim filed, or for any creditor that may have filed a UCC-1 against the Debtor but did not file a claim and which the Debtor cannot identify (which are listed above in Class 23 description) the Debtor shall be authorized to file a notice that any financing statement filed by this creditor is terminated as of the Effective Date.  **Creditors included in this provision include Academy Bank, NA, Bank of the West, Connext Financial, TCF, Huntington National Bank and Wells Fargo Equipment Finance.** |
| Class 24 | Unimpaired | The equity holders will retain the interest in the Debtor. |



**Additional Provisions Applicable to Taxing Authorities (Class 1)**

All ad valorem tax liens securing any pre and post-petition taxes will be retained until all such taxes are paid in full. InfoVine shall pay all postpetition taxes (tax year 2023 and subsequent) of Harris County, et al. in the ordinary course of business and prior to delinquency under Texas law. In the event any postpetition taxes are not paid prior to delinquency as required under Texas law, penalties and interest shall accrue as provided under Texas law and Harris County, et al, is authorized to immediately commence any and all collection actions authorized under Texas law, in state court without further notice of this Court.

**<u>Funds for Payment of Administrative Expense Claims and Unsecured Claims.</u>**

The Debtor will pay the administrative expenses and the other classes as set forth on the projections.

**<u>Default - Provisions Applicable to All Classes</u>**

If the reorganized Debtor fails to timely make the required plan payments to any of the creditors, the reorganized Debtor will be considered to have defaulted under the Plan as to such creditor. If the reorganized Debtor defaults under the Plan as to a creditor, then such creditor may send a written notice of the default (a "Default Notice") to the reorganized Debtor and counsel for the Debtor by regular mail and by certified mail return receipt requested, postage prepaid. If the reorganized Debtor does not cure the default within 30 days after receiving the written Default Notice, such creditor with a default may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court. If more than two (2) Default Notices are sent within a 12-month period, such creditor may also file a motion to dismiss or convert this case to a chapter 7 case.



**Causes of Action**

The Debtor used a Professional Employer Organization (PEO) for payroll in 2020 and 2021. The Internal Revenue Service filed a claim for WT-FICA amounts due during this time. The payment of these amounts was owed by Justworks, not the Debtor.  The Debtor understands that Justworks paid the IRS but does not have proof of such payments.  The Debtor does not owe funds for the time period when Justworks was the payroll provider.  To the extent that the Debtor is required to file an adversary proceeding to resolve this matter, this is the only cause of action that the Debtor has knowledge of at this time.  The Debtor is not aware of any other causes of action that it may or could pursue.

**Bar Date and Payments**

In a chapter 11 case, creditors are required to file claims if the creditor is listed by the debtor in its filed schedules as disputed, contingent or unliquidated The Debtor will request that the bar date for filing claims in this case be shortened.

**The Debtor will only pay creditors that are listed in the schedules of the Debtor as undisputed, non-contingent and liquidated.  If a creditor is listed as disputed, contingent or unliquidated, then the creditor must file a claim by the bar date.  If no claim is filed by the bar date, then no payment will be made to such creditor but the discharge provided in this Plan and the bankruptcy code will discharge the debt of such creditor.  Creditors whose claims are listed as disputed, contingent or unliquidated will receive no distribution unless such creditor files a claim and the claim is allowed.**  Even if a creditor files a claim, the Debtor may still dispute the claim.



**Emergency Reserve Fund**

The Debtor may establish and maintain an emergency reserve fund at such bank as designated by the Debtor. The fund will be for contingencies and possible future "covid type" issues. An emergency shall be determined by the facts and circumstances that exist at the time. The projections have an emergency reserve fund.  The Debtor may request use of funds for an emergency from the subchapter V Trustee, if the subchapter V Trustee is still in his position.  If there is no subchapter V Trustee, the Debtor may notify the three creditors with the largest allowed claims of the intention to access the emergency reserve and provide five (5) days written notice to the three creditors with the largest allowed claims (and counsel for such creditors) of the intention to access such funds.  If request is authorized by the subchapter V Trustee, or alternatively if there is no subchapter V Trustee and the three creditors with the largest allowed claims do not object to such use, the Debtor may use the funds after the five (5) days of prior written notice.  If the subchapter V Trustee does not authorize the use of the emergency funds or if the three creditors with the largest allowed claims object to such use, the subchapter V Trustee or the three creditors with the largest allowed claims may file an objection with the bankruptcy court.  In such case, the bankruptcy court shall determine the use of the funds.  If there is an objection, the Debtor may seek permission by motion from the Bankruptcy Court on an emergency basis.

Except as provided in this plan on distributions, at the conclusion of this plan, the Debtor shall receive and may continue to hold the funds in the emergency reserve fund.

**Provisions for Subpart V Chapter 11 Trustee and Confirmation under section 1191(b)**

**The Debtor requests consent to act as the disbursing agent if the plan is confirmed under section 1191(b).**



**Quarterly Financial Reporting**.  Until the Debtor has completed all payments under this Plan, the reorganized Debtor shall file with the Court and provide to the Subchapter V Trustee no later than 21 days after the end of each quarter, post-confirmation quarterly financial reports (the "Quarterly Reports") for each quarter (or portion thereof) of the Plan term.  The Quarterly Reports shall: (i) be generated by the Debtor's management or an accounting or finance professional retained by the Debtor; and (ii) contain the information required by the U.S. Trustee's forms and office.

**Tax Returns**. Until the Debtor has completed all payments under this Plan, the reorganized Debtor shall timely file all tax returns and make all tax payments and deposits, if any, when due. For each tax return that becomes due after entry of the order confirming the Plan but before the Plan is substantially consummated, Debtor shall, within fourteen (14) days of filing the return, provide the Subchapter V Trustee with a complete copy of the tax return, including all schedules and attachments.

**Reorganized Debtor's Remittance**.  If the Debtor is not the disbursing agent., then the Debtor shall remit the to the Subchapter V Trustee, the funds for the payments of the allowed claims in this plan.  Payments of administrative claims under this Plan shall be made in a manner that is mutually agreeable by and between the Debtor, administrative claimants, and the Subchapter V Trustee.  The Reorganized Debtor shall promptly contact the Subchapter V Trustee regarding the disposition of any checks by Reorganized Debtor made payable to the Subchapter V Trustee but not negotiated.



**Distributions to Creditors.** Distributions to allowed claims will be made in accordance with the payment calculations provided by the Debtor. The Subpart V Trustee is not responsible for calculating or correcting the payment amounts due under the Plan.

**Disbursing Agent.** The Debtor shall serve as the disbursing agent if the plan is confirmed under 1191(a). In the event the plan is confirmed under 1191(b), the Debtor requests a waiver of the requirement that the Subchapter V Trustee serve as the disbursing agent. In the event the waiver is not granted, the Subchapter V Trustee shall serve as disbursing agent for the creditors and shall be discharged upon completion of the final disbursement to all the creditors. No funds will be available for any late filed claims. Funds from any disbursement check where the check remains unnegotiated for more than 60 days, may be redistributed *pro rata* to other unsecured creditors, as provided for under the Plan, or may be placed with this Court's unclaimed funds register pursuant to 28 U.S.C. 2042, at the discretion of the Debtor (or the Subpart V Trustee if the Debtor is not the disbursing agent). In the event there are not sufficient funds to make any distribution under the Plan, Plan Payments may be adjusted during the life of the Plan without further order of the Court to account for any Plan Payment adjustments. The Reorganized Debtor will have the right to pursue the recovery of any disbursements made on account of a claim which is subsequently withdrawn and/or satisfied.

If the Subpart V Trustee is the disbursing agent, the Debtor shall provide to the Subpart V Trustee the schedule of payments, which shall be a part of the confirmation order or filed within five (5) days of the confirmation order. The Debtor shall pay the Subpart V Trustee by wire transfer, cashiers' check or money order. The payments are to be made by the Debtor to the



Subpart V Trustee beginning thirty (30) days after the Effective Date and continuing monthly on the same day of each month until the payments have been fully made.

The Debtor will be deemed to have met its payment obligations upon payment of the classes of claims as set forth herein.

The Subchapter V Trustee shall be discharged upon Substantial Consummation of the Plan unless the Subchapter V Trustee serves as Class V disbursing agent. If the latter occurs, the Subchapter V Trustee shall be discharged upon completion of the final disbursements to the creditors in this plan.

**Disbursement Reports**. Debtor (or the Subpart V Trustee if the Debtor is not the disbursing agent) shall provide all required reports to the United States Trustee for review, during the period in which the Debtor (or the Subpart V Trustee if the Debtor is not the disbursing agent) continues to make plan payments. Upon completion of all plan payments, the Debtor (or the Subpart V Trustee if the Debtor is not the disbursing agent) will submit the final report and final account of the administration of the estate to the United States Trustee for review pursuant to section 1183(b)(1). After review, the final report and account will be filed with the Court.

In addition to the above and prior to the Effective Date, the Debtor shall file with the Bankruptcy Court monthly reports in a form reasonably acceptable to the U.S. Trustee. On or after the Effective Date, the Reorganized Debtor or the Subchapter V Trustee shall file with the Bankruptcy Court quarterly reports in a form reasonably acceptable to the U.S. Trustee until the



earliest of the Debtor's chapter 11 case being closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code.

**Notices**. The Debtor (or the Subpart V Trustee if the Debtor is not the disbursing agent) may limit notice of any and all reports, document, pleading or other filing related to this case to those parties directly affected and to those interested parties which have filed a notice of appearance or proofs of claim, as necessary. The Debtor (or the Subpart V Trustee if the Debtor is not the disbursing agent) shall be under no obligation to serve parties which are neither affected by any report, document, pleading or other filing or have made no appearance whatsoever before this Court

**Post-Confirmation Fees and Expenses of the Subchapter V Trustee**.  If the Debtor is not the disbursing agent, then the Subpart V Trustee will not be required to obtain Court approval for any post confirmation fees. Such post confirmation fees may be paid by the Debtor without obtaining court approval.

**Payments and Distributions on Disputed Claims**. Except as otherwise provided in the Plan, no partial Plan Payments and no partial Distributions will be made with respect to a Disputed Claim until the resolution of such dispute by settlement or Final Order. For purposes of clarity, each class's claimants will not be entitled to a distribution until all claims within the applicable class are final. Unless otherwise agreed to by the reorganized Debtor or as otherwise specifically provided in the Plan, a Creditor who holds both an Allowed Claim and a Disputed Claim will not receive a distribution until such dispute is resolved by settlement or Final Order.



The provisions of this section are not intended to restrict payment of any unclassified claims which are not disputed.

### Subchapter V Trustee Obligations.

**(a) Obligations Related to the Pursuit of Causes of Action**. The Subchapter V Trustee shall not have any right or obligation to pursue and/or manage the reorganized Debtor's pursuit of Causes of Action. Rather, the pursuit and management of Causes of Action shall be coordinated by the reorganized Debtor and the attorney retained by the reorganized Debtor to pursue Causes of Action, if any.

**(b) Administration of the Estate.**  If the Debtor is not the disbursing agent, then the Subchapter V Trustee shall file all reports required by the United States Trustee in the manner prescribed by the United States Trustee Program. Upon discharge of the Subpart V Trustee, the Subpart V Trustee shall file her final report and seek a discharge of his duties as Subchapter V Trustee.

### Retention of Jurisdiction. The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan and pursuant to the Order of Confirmation, specifically including, but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims of creditors; to fix and award all compensation to parties who may be so entitled; to hear and determine all questions concerning the assets or property of the debtors, including any questions relating to any sums of money, services, or property due to the debtor; and determine all matters of any nature or type necessary or appropriate to carry out the Plan.



VI.     **Allowance and Disallowance of Claims**

A. **Disputed Claims**

A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order and, as to which, either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

As of the submission of this plan, no claims been filed.  The Debtor reserves the right to dispute any claims filed by any creditors for up to forty-five (45) days after the Effective Date.

B. **Distribution on a Disputed Claim**

No distribution will be made on a disputed claim unless such claim is allowed by a final non-appealable order.  The Debtor will only pay on allowed claims.

C. **Settlement of Disputed Claims**

The Debtor will have the power and authority to settle and compromise a disputed claim with Court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

VII.     **Provisions for Executory Contracts and Unexpired Leases**

The Debtor assumes the following executory contracts and unexpired leases as of the Effective Date:

> CG 7600 LP – Building Lease

> Class 2- U.S. Bank (ENGS)

> Class 5- Pawnee Leasing Corporation



Class 15A- Commercial Capital Company for Ricoh Lease 0221622

The Debtor rejects all other executory contracts and leases.

The above executory contracts are treated as secured claims and paid as secured claims in the classes as set forth above, except for the building lease with CG 7600 LP. The assumption of the contracts is as a financing lease or a secured claim.

Except for executory contracts and unexpired leases that have been assumed under this Plan or by order of the court before the Effective Date or under the preceding paragraph, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

## VIII.    Means for Implementation of the Plan

Debtor will retain the property of the bankruptcy estate.

Upon payment of amounts for secured claims, the secured lender must execute and deliver to the Debtor a release of any UCC-1's.  If any secured lender fails to deliver a release of any UCC-1, the Debtor may file a notice of release pursuant to this plan.

The officers and directors of the Debtor are anticipated to remain the same after the Effective Date.  Lorena Iglesias will continue as the Chief Executive Officer (salary of $100,000



year), Richard Gaubert shall continue as the President and Chief Revenue Officer (salary of $100,000 year), Rafael Iglesias, III shall continue as the Chief Financial Officer (salary of $100,000 year), and Frank E. Hood, Jr. shall continue as the Corporate Secretary (salary of $60,000 year).

This plan and the projections in this plan incorporate and include the submission of all or such portion of the future projected earnings or other future projected income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan so that no further adjustments will be necessary.

All property of the bankruptcy estate, including all claims, rights, defenses, and causes of action, shall vest with the Reorganized Debtor on the Effective Date of this Plan. If the Reorganized Debtor defaults in performing under the provisions of the First Amended Plan and the chapter 11 case is converted to chapter 7, all property vested in the Reorganized Debtor and all subsequently acquired property owned as of or after the conversion date shall revest and constitute property of the estate in the chapter 7 case.

The Debtor shall file a notice of occurrence of Effective Date and substantial consummation as required by § 1183(c)(2).  After the payments have been made, the Debtor shall file a motion for final decree.

## IX.    General Provisions

### A.  Definitions and Rules of Construction

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.



### B.  Effective Date

The effective date ("Effective Date") of this Plan is the date on which the confirmation order becomes a final order no longer subject to appeal. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated.

### C.  Severability

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

### D.  Binding Effect

The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

### E.  Captions

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

### F.  Controlling Effect

Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.



### G. Retention of Jurisdiction

The Bankruptcy Court will retain exclusive jurisdiction of the case after the confirmation date with respect to the parties to, and the subject matter of, this Plan and the claims, applications, orders, damages, and other events as described in the Plan.

## X.    Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the Effective Date, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt: (i) imposed by this Plan; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

If the Debtor's Plan is confirmed under § 1191(b), the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, on the first date on which the Administrative Claims, priority claims, and allowed claims in all classes have each been paid in full in accordance with the terms of this Plan.  The Debtor will not be discharged from any debt: (i) on which the last payment is due after the first 3 years of the Plan, or as otherwise provided in § 1192; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Upon payment by the Debtor of the Administrative Claims, priority claims, and allowed claims in all classes in accordance with the terms of this Plan, the Debtor may apply for the entry of an order of discharge and upon confirmation that the payments have been made, the



Bankruptcy Court shall enter an order of discharge under section 1192.

**Attachments:**

1. Projections
2. Payroll Chart
3. Dues Subscriptions Chart
4. Liquidation Analysis
5. Liquidation Chart

Dated: April 13, 2023

04/13/2023

INFOVINE, INC.

*/s/ Rafael Iglesias*
By: _____
Rafael Iglesias, Authorized Officer

ATTORNEY FOR THE DEBTOR:
Reese Baker
TX Bar No. 01587700
Baker & Associates
950 Echo Lane, Ste. 300
Houston, Texas 77024
(713) 979-2279
(713) 869-9100 Fax