United States Bankruptcy Court
Southern District of Texas

**ENTERED**

April 19, 2023

Nathan Ochsner, Clerk

**In the United States Bankruptcy Court
for the Southern District of Texas
Houston Division**

| | | |
|---|---|---|
| In re | § | |
| | § | Case No. 22-33393 |
| InfoVine, Inc., | § | |
| | § | Chapter 11 |
| Debtor | § | |

**ORDER CONFIRMING DEBTOR'S SECOND PLAN OF
REORGANIZATION**

(Docket No. 123)

CAME ON FOR CONSIDERATION on April 19, 2023, the Second Amended Plan of Reorganization of InfoVine, Inc. (Docket No. 123) (the "Plan") under 11 U.S.C. §1191. The Court finds that notice of the hearing on confirmation of the Plan and deadlines regarding filing written objections to the Plan has been given in accordance with the Bankruptcy Code, and the Federal and Local Rules of Bankruptcy Procedure.

**IT IS ORDERED THAT**:

A.  Objections to the plan were filed as follows: The Court finds that all objections to confirmation have been withdrawn.

    i.  Ascentium Capital at docket #90;

    ii.  Hanmi Bank at docket #94;

    iii.  U.S. Trustee at docket #115;

    iv.  Hewlett Packard at docket #116; withdrawn at docket #131;

    v.  Commercial Capital Company at docket #117;

    vi.  Harris County at docket # 118; withdrawn at #128;

    vii.  Arvest Bank dba Arvest Equipment Finance at docket # 119.

B.  Eight (8) creditors voted on the plan. Four (4) creditors voted to accept and

four (4) creditors voted to reject.

C.  The Plan, filed at docket #123 in this case, complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation and is hereby **CONFIRMED** under 11 U.S.C. § 1191(b).

D.  In accordance with 11 U.S.C. § 1142, the Debtor is authorized and directed

without the need for any further approval to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby orby this Order in accordance with their respective terms.

E.      Brendon Singh, appointed as the Subchapter V Trustee of this case (the "Trustee"), pursuant to 11 U.S.C. § 1183, may file with the Court an application for professional fees, under 11 U.S.C. § 330, for services performed prior to confirmation of the Plan. Debtor shall pay approved Subchapter V fees and expenses as provided under the Plan and by Order of this Court.

F.      The Trustee shall continue to fulfill his duties and obligations as the subchapter V Trustee, pursuant to 11 U.S.C. § 1183; the Sub V Trustee shall act as the disbursing agent for all payments remitted under this confirmed Plan.

G.      Notwithstanding any language in the Plan to the contrary, interest shall not accrue on unsecured non-priority claims.

H.      [intentionally omitted]

I.      The payments to unsecured creditors under Class 23 will be escrowed by the Debtor with the Sub V Trustee and paid at the times as set forth in the plan.

J.      [intentionally omitted]

K.      Default remedies under the Plan include liquidation and/or removal of the Debtor, and the Court should retain jurisdiction to enforce and interpret the Plan.

L.       Any modification of plan payments must be filed and noticed by the Debtor.

M.      No later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve upon the Trustee, United States Trustee, and all parties in interest, notice of substantial consummation of the Plan as provided under 11 U.S.C. § 1183(c)(2).

N.      On the Effective Date of the Plan, property of the bankruptcy estate of the Debtor shall vest in the Debtor under 11 U.S.C. § 1141(b). Property of the estate (at the time of conversion) will automatically re-vest in the bankruptcy estate if this case is converted to Chapter 7 following confirmation.

O.       Within five (5) business days after the Effective Date of the Plan, counsel for the Debtor shall serve notice of (i) entry of this Confirmation Order; (ii) the occurrence of the

Effective Date; and (iii) any bar dates and any other deadlines set by the Plan ("Notice"), pursuant to Bankruptcy Rule 3020(c). The Notice shall be sent to all creditors and parties-in-interest by first class mail, postage prepaid. Counsel for the Debtor shall thereafter promptly file a copy of such Notice with proof of mailing with the Court.

P.      Counsel for the Debtor shall serve notice of Substantial Consummation at approximately the time of Substantial Consummation.

Q.      The Debtor shall be empowered to: (a) effect all actions and execute all agreements, instruments and other documents necessary to perform its duties under the Plan; (b) object to claims in the case by creditors for up to 30 days after confirmation; [intentionally omitted] and (d) exercise such other powers as may be needed or required, pursuant to the Plan or as deemed to be necessary and proper to implement the provisions hereof. If a claim is disputed, the Debtor shall escrow the plan payment with the Sub V Trustee. If the claim becomes an allowed claim, the escrowed funds shall be immediately disbursed to the claimant. If the disputed claim is disallowed, the funds shall be disbursed *pro rata* to unsecured creditors.

R.      Except as set forth herein or in the Plan, the Debtor shall make payments beginning on June 1, 2023 to the Sub V Trustee, and each month thereafter.  The Debtor shall continue such distributions for the duration of this Plan.  If the Debtor fails to make a distribution, the Sub V Trustee, any creditor(s) may file a Notice of Default.  After the second Notice of Default in any calendar year, the creditor(s) may file a motion to dismiss or convert the bankruptcy case.

S.      Notwithstanding the provisions in the plan, the Debtor shall pay the priority amounts to the Internal Revenue Code as provided in Class 22 at 6% interest per annum.

T.      Except as otherwise order by the Bankruptcy Court, all reasonable compensation, fees and expenses incurred by the Trustee on or after the Effective Date shall be paid by the Debtor.

U.      If this case is later converted to a case under chapter 7 of the Bankruptcy Code, all assets of the Debtor shall revest in the chapter 7 estate and be subject to administration by a chapter 7 trustee.

V.      The Debtor must timely file the post-confirmation quarterly reports or other reports as required.

W.      Upon completion of all payments under the Plan, Debtor shall file a motion for discharge, served on all holders of Allowed Claims, in which it will certify that (i) it meets the standards set forth in 11 U.S.C. § 1192 of the Code; and (ii) it completed all payments under the Plan within five (5) years of the Effective Date. Unless a party objects and the Court sustains the objection to the motion for discharge, Debtor will be discharged.  This Court retains jurisdiction to interpret and enforce the Plan and this Order.

X.      In regards to any inconsistent treatment of Commercial Capital Company, LLC's claims which are listed in Classes 15A and 15B in the Plan, the provisions in the Agreed Order

Regarding Commercial Capital's Motion to Lift the Automatic Stay signed and entered at Docket No. 110 shall supersede and control.

ORDERED that to the extent there are conflicting provisions in the Plan, this Order shall govern.

[intentionally omitted, a copy of the confirmed plan was not attached to this order.]

Dated: _____

Approved:

*/s/ Reese W. Baker*

_____

Reese W. Baker
Counsel for Debtor

_____
Jeffrey P. Norman
United States Bankruptcy Judge

Signed: April 19, 2023